Jimmie L. Williams, State Bar No. 144691
jimmie@jwatlaw.com
LAW OFFICES OF JIMMIE L. WILLIAMS
141 Alamo Ranch Road
Alamo, California 94507-2031
Telephone: (213) 361-9327
Facsimile: (925) 552-6014

Attorneys for Plaintiff
BAREBOTTLE BREWING COMPANY, INC., A California corporation,

THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

(San Francisco Division)

| | |
|---|---|
| BAREBOTTLE BREWING COMPANY, INC., A California corporation,<br><br>Plaintiff,<br><br>v.<br><br>BAREBOTTLE CORPORATION, A Delaware corporation, and DOES 1 through 20, inclusive,<br><br>Defendants. | No.<br><br>**COMPLAINT FOR TRADEMARK AND SERVICE MARK INFRINGEMENT UNDER THE LANHAM ACT; FOR INFRINGEMENT UNDER THE MODEL STATE TRADEMARK LAW; INJUNCTION RELIEF FOR UNFAIR COMPETITION AND TRADE NAME INFRINGEMENT, VIOLATION OF THE ANTICYBERSQUATTING CONSUMER PROTECTION ACT, AND DAMAGES (Statutory and Common Law Trade Mark Infringement)**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff BAREBOTTLE BREWING COMPANY, INC., A California Corporation, (referred to herein as "Plaintiff") hereby alleges as follows:

1. Plaintiff BAREBOTTLE BREWING COMPANY, INC. is now, and at all times mentioned in this complaint was, a corporation organized and existing under the laws of the State of California, with its principal place of business in San Francisco County, California.

2. Defendant, BAREBOTTLE CORPORATION., is now, and at all times mentioned in this complaint was, a corporation organized and existing under the laws of the State of Delaware, with an executive office in San Francisco, California.

**Jurisdiction and Intradistrict Assignment**

3. This action arises under the Lanham Act, Act of July 5, 1946, 60 Stat. 427, USC, Title 15, Sections 1051-1127, the California Model State Trademark Law, California Business & Professions Code, Sections 14200-14272 and violations of the Anti-Cybersquatting Consumer Protection Act, Title 15, Section 1115(d). Jurisdiction is vested in this Court by virtue of 15 USC Section 1121 and 28 USC Section 1338.

4. A substantial part of the acts giving rise to the Plaintiffs claims occurred in the City and County of San Francisco. Thus, this action is assigned to the San Francisco Division.

**First Cause of Action – Trademark Infringement and Injunctive Relief**

**(Against All Defendants)**

5. Plaintiff is now, and at all times mentioned in this complaint were, engaged in the business of operating a craft beer production and tap room brewery business. Operating under the trademark and trade name, BAREBOTTLE, Plaintiff's craft beer production and tap room brewing business offer original draft beers of the owners' proprietary and award winning recipes, with selected recipes submitted by local and certified home brewers in a tap room brewery.

6. On or about July 2010, Plaintiff first adopted and used the trade mark "BAREBOTTLE" to identify their craft beer production business to distinguish them from beer products and services made and sold by others.

7. The Plaintiff filed its application for registration of "BAREBOTTLE" as its trademark, as a word mark, in the United States Patent and Trademark Office on July 15, 2013, and registered its mark under United States Trade Mark Registration No. 4748578. Plaintiff owns the registration, which is and continues to be in full force and effect. Plaintiff displays the registration symbol ® with its trademark. A certified copy of Plaintiff's certificate of

PLAINTIFF BAREBOTTLE BREWING COMPANY, INC., COMPLAINT FOR DAMAGES

registration is attached as Exhibit "A" to this complaint, and is incorporated by reference as though fully set forth herein.

8. The Plaintiff filed its application for registration of "BAREBOTTLE" as its trademark, as a design mark, in the United States Patent and Trademark Office on August 10, 2013, and registered its trade mark under United States Service Mark Registration No. 4748634. Plaintiff owns the registration, which is and continues to be in full force and effect. Plaintiff displays the registration symbol ® with its trademark. A certified copy of Plaintiff's certificate of registration is attached as Exhibit "B" to this complaint, and is incorporated by reference as though fully set forth herein.

9. The Plaintiff has used the trademarks "BAREBOTTLE" ("Trademarks") since approximately August 12, 2010, the date that Plaintiff adopted the marks by, among other things, prominently displaying the marks on its letter head, advertising, promotional and marketing materials, conference registrations, posters, business cards, labels, vendor receipts, governmental registrations and social media. In this connection, the Plaintiff uses the trademarks marks to identify its beer and tap room services with its customers, vendors and the general public. A specimen of one of the Plaintiff's early marketing posters and its initial website, on which its trademarks appear, are attached hereto as Exhibit "C" to this complaint, and are incorporated by reference as though fully set forth herein.

10. The Plaintiff has been continuing to develop its beer production and tap room business by learning the industry, test marketing its beers, packaging and consumer sentiment, purchasing necessary supplies, equipment and materials from vendors, and obtaining required governmental approvals since August 2010.

11. The Plaintiff's trademarks have been and continue to be extensively displayed throughout the continental United States, under the trade mark "BAREBOTTLE". The Plaintiff's beer recipes have received recognition throughout the continental United States, by virtue of their receipt of awards in the 2012 World Beer Cup in California, the 2013 Beer & Sweat Competition in Ohio, the 2013 Brewer's East End Revival Competition in New York, the 2013 Bloatarian Open in Ohio, the 2014 Beer & Sweat Competition in Kentucky, and the 2015

Bloatarian Open in Ohio, among others. By virtue of marketing, together with consumer acceptance and recognition, the Plaintiff's marks identify Plaintiff's beer production and tap room brewery, and distinguishes it from beer products and brewery services provided by others. The Plaintiff's trademarks have thus become and are valuable assets symbolizing the Plaintiff's, its' quality beers and its' goodwill.

12. The Plaintiff's application and subsequent registration of the trade marks operated to provide the defendants, and each of them, and anyone else, constructive notice of the Plaintiff's claim of ownership of the marks, their use of the marks and their right of priority of the marks.

13. On or about April 2, 2015 and May 28, 2015 the Plaintiff, via letters, advised the defendant of the Plaintiff's ownership of the trade mark "BAREBOTTLE" and the trade name, now trade mark, "BAREBOTTLE" and the registration therefore, and requested defendant to immediately cease and desist from further use of the name "Bare Bottle" as either a trade name or a trade mark. The defendant, and each of them, have failed and refused, and continue to fail and refuse, to comply with Plaintiff's request.

14. The Plaintiff is informed and believes, and thereon alleges, that the defendant, and each of them, have received actual notice of Plaintiff's ownership of the trade mark "BAREBOTTLE" and the trade name, now trade mark, "BAREBOTTLE" through receipt of the April 2, 2015 and May 28, 2015 correspondences from the Plaintiff advising the defendant of the Plaintiff's ownership of said trademarks.

15. The Plaintiff is informed and believes, and thereon alleges, that the defendant, and each of them, have at least constructive notice of the Plaintiff's ownership of the trade mark "BAREBOTTLE" and the trade name, now trade mark "BAREBOTTLE", and the Plaintiff's marketing and displaying of beer products under the name Bare Bottle since August 2010.

16. The Plaintiff is informed and believes, and thereon alleges, that the defendant, and each of them, use the name "Bare Bottle" in their business name, advertising and social media, and on their promotional materials. The defendant also use the name "Bare Bottle" in their communications to their vendors and governmental entities. It is applied generally to a

wine labeling business, and is used in the same manner as the Plaintiff uses its trade marks. Specimens of the Defendant's use of the Plaintiff's trade marks in their business name and wine label are attached hereto as Exhibit "D" to this complaint, and is incorporated by reference as though fully set forth herein.

17. The Plaintiff is informed and believes, and thereon alleges, that the defendant, and each of them, use of the name "Bare Bottle" in their business name, advertising and social media for a wine labeling company is a direct imitation of Plaintiff's registered trademarks. The defendant, and each of them, use the name Bare Bottle in interstate commerce in connection with the sale, offering for sale, distribution and advertising of its wine labeling business. As such, the defendants and each of them, use of the name "Bare Bottle" is likely to cause, and has caused, confusion, mistake, or deception among consumers as to the source, quality and nature of the defendants' wine products. These actions by defendants constitute trademark infringement pursuant to 15 USC Section 1114 and California Business and Professions Code, Section 14245.

18. The Plaintiff is informed and believes, and on that basis alleges, that as a direct and proximate result of advantage accruing to defendant's business from Plaintiff's nationwide advertising, marketing and consumer recognition, and as a proximate result of the confusion, deception or mistake of defendant's wrongful use, advertising and display of wine products bearing a mark that is substantially indistinguishable from Plaintiff's as described above, the defendant has derived profits in an amount to be proven at trial.

19. As a proximate result of the advantage accruing to defendant's, and each of them, business from Plaintiff's nationwide advertising, marketing and consumer recognition, and as a proximate result of the confusion, deception or mistake of the defendant's wrongful use, advertising and display of wine products bearing a mark that is substantially indistinguishable from the Plaintiff's as described above, the Plaintiff has been, and will be, deprived of substantial sales from its beer products and has been deprived of the value of its trade marks as commercial assets, in amounts to be proven at trial.

PLAINTIFF BAREBOTTLE BREWING COMPANY, INC., COMPLAINT FOR DAMAGES

20. The Plaintiff is informed and believes, and thereon alleges, that unless restrained by this Court, the defendant, and each of them, will continue to infringe Plaintiff's registered trademarks, thus endangering a multiplicity of judicial proceedings, and pecuniary compensation will not afford Plaintiff adequate relief for the damage to its trademarks in the public perception.

**Second Cause of Action – Unfair Competition and Trade Name Infringement**

**(Against All Defendants)**

21. The Plaintiff incorporates and re-alleges each of the allegations contained in the above referenced paragraphs 1 through 20, as though fully set forth herein.

22. The Plaintiff is, and at all times mentioned herein has been, engaged in the business of operating, under the corporate name, BAREBOTTLE BREWING COMPANY, INC., and trade name, BAREBOTTLE, a beer production and tap room brewery business offering award winning and signature craft beer products.

23. The Plaintiff has continuously done business under the trade name BAREBOTTLE, since August 2010, and the corporate name, BAREBOTTLE BREWING COMPANY, since August 2010. The Plaintiff has built up valuable goodwill in its corporate and trade names, and it has come to be associated exclusively with the Plaintiff's business by the public generally throughout Northern California, as well as nationwide, as reflected by the extensive marketing and promotion for the company's proprietary beer products. These marketing and promotional activities have resulted in the Plaintiff's beer products receiving awards from numerous national beer competitions.

24. The defendant, and each of them, is engaged in the business of operating a wine labeling business, with their principal place of business located in San Francisco, California. The Defendant is also registered to conduct business in the State of Delaware. After the Plaintiff's adoption and use of the trade name, BAREBOTTLE, and corporate name, BAREBOTTLE BREWING COMPANY, the defendant on or about March 10, 2013, began doing business under the trade name, BAREBOTTLE, and the corporate name, BAREBOTTLE CORPORATION. The defendant's trade name and corporate name are substantially similar to that of Plaintiff's, and the Defendant's use of this trade name and corporate name creates a

PLAINTIFF BAREBOTTLE BREWING COMPANY, INC., COMPLAINT FOR DAMAGES

likelihood that Plaintiff's customers, potential customers, and the public generally will be confused or misled to the source of goods or services in that they are likely to believe that the defendant's business is identical to or affiliated with that of the Plaintiff.

25. The defendant threatens to, and unless restrained will, continue to use the trade name BAREBOTTLE, and the corporate name, BAREBOTTLE CORPORATION, as a result of which the public generally will be misled and deceived into believing that the defendant's business is identical to or affiliated with that of Plaintiffs, all to the irreparable injury of the Plaintiff's business and goodwill and to the unjust enrichment of the defendant. The Plaintiff has no adequate remedy at law in that it is extremely difficult to ascertain the amount of damages to the Plaintiff's business and goodwill.

26. The defendant's continuing use of the confusing similar trade name BAREBOTTLE and the corporate name, BAREBOTTLE CORPORATION, constitutes an infringement and violation of the Plaintiff's rights in its trade name and corporate name.

27. Unless restrained by this Court, the defendant threatens to and will continue to use the trade name BAREBOTTLE, and corporate name, BAREBOTTLE CORPORATION, in violation of the Plaintiff's rights.

**Third Cause of Action – Violation of the Anti-Cybersquatting Consumer Protection Act**

**(Against All Defendants)**

28. The Plaintiff incorporates and re-alleges each of the allegations contained in the above referenced paragraphs 1 through 27, as though fully set forth herein.

29. The defendant operate or have operated a commercial related website in connection with their wine labeling and wine selling business on the world wide web at www.barebottle.com. A printout from Network Solutions WHOIS database reflecting Domains By Proxy, LLC as the initial registrant of defendant's barebottle.com domain name is attached hereto as Exhibit "E" to this complaint, and is incorporated by reference as though fully set forth herein.

PLAINTIFF BAREBOTTLE BREWING COMPANY, INC., COMPLAINT FOR DAMAGES

30. The Plaintiff is informed and believes that the Defendant used Domains By Proxy, LLC for the registration of the barebottle.com domain name in an attempt to conceal their identity

31. The Plaintiff is informed and believes that Domains By Proxy, LLC is in possession of the defendant's true identities and contact information.

32. Plaintiff must conduct preliminary discovery on Domains By Proxy, LLC in order to discover the defendant's true identities.

33. Upon information and belief, the defendant has used the designation barebottle.com as both a trademark affixed to a wine bottle label that it has placed on wine bottles and distributed in interstate commerce and as a trade name in conjunction with its commerce related website.

34. Upon information and belief, the defendant has a bad faith intent to profit from the registration and use of the internet domain name barebottle.com by creating an association with the Plaintiff's "BAREBOTTLE" trademark as to source or sponsorship. The defendant has the intent to divert consumers from the Plaintiff's online location to their website accessible through the infringing domain name and with the bad faith intent to harm the Plaintiff's goodwill and to profit from the Plaintiff's mark by creating a likelihood of confusion. The defendant's domain name is also confusingly similar to the Plaintiff's domain name, www.barebottlebeer.com.

35. The Plaintiff does not have an adequate remedy at law, and the defendant's acts, as aforesaid, are in violation of the Anti-Cybersquatting Consumer Protection Act under Section 43(d) of the Lanham Act, 15 U.S.C. § 1125(d).

36. The defendant's aforementioned unlawful acts are intended to, and are likely to, blur and erode the distinctiveness of the "BAREBOTTLE" trademarks and tarnish the reputation of the Plaintiff and its "BAREBOTTLE" mark and its products.

37. The defendant's aforementioned unlawful acts have caused, and will continue to cause irreparable harm to the Plaintiff and its "BAREBOTTLE" mark, and to the business and substantial goodwill represented thereby, and said acts damage will continue to damage the

PLAINTIFF BAREBOTTLE BREWING COMPANY, INC., COMPLAINT FOR DAMAGES

Plaintiff unless restrained by this Court. Therefore, the Plaintiff is entitled to injunctive relief, and to recover either statutory damages under 15 U.S.C. § 1117(d) or defendant's trebled profits, together with the Plaintiff's costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a).

WHEREFORE, the Plaintiff demands judgment against the Defendant, and each of them, for the following:

1. For an order requiring defendants to show cause, if they have any, why they should not be enjoined as set forth below, during the pendency of this action;

2. A preliminary injunction and a permanent injunction enjoining defendants, and their agents, servants and employees, and all persons acting under, in concert with, or for them from:

   a. Using the name "BareBottle" in connection with their providing of wine products and wine labels, and from using the name BAREBOTTLE on or in connection with any wine products and wine labels;

   b. Using the corporate name BareBottle Corporation;

   c. Using the infringing domain name or any domain name that is confusingly similar to any of the Plaintiff's "BareBottle" marks;

   d. Otherwise infringing Plaintiffs service marks;

   e. Causing likelihood of confusion, deception, or mistake as to the source, affiliation, connection, association, origin, sponsorship, approval nature, or quality of defendants' products, services or website.

3. For an order directing defendants, and each of them, to file with this Court and serve on Plaintiffs within thirty (30) days after service of an injunction, a report in writing under oath, setting forth in detail the manner and form in which defendants have complied with the injunction;

4. For an order requiring defendants, and each of them, to deliver up and destroy all materials bearing the infringing designations;

PLAINTIFF BAREBOTTLE BREWING COMPANY, INC., COMPLAINT FOR DAMAGES

5. For three times the amount of Plaintiffs actual damages caused by defendants infringement of Plaintiffs service marks;

6. For all profits realized by Defendants, to be accounted for by Defendants, from its infringement of Plaintiffs service marks;

7. For statutory damages under 15 U.S.C. § 1117(d) for the infringing domain name;

8. For Plaintiffs reasonable attorney fees expended in this action;

9. For costs of suit incurred herein; and

10. For such other and further relief as the Court may deem proper.

DATED: June 9, 2015      LAW OFFICES OF JIMMIE L. WILLIAMS

              By /s/ Jimmie L. Williams
                JIMMIE L. WILLIAMS
                Attorney for Plaintiff
                BAREBOTTLE BREWING COMPANY, INC.

1090161

PLAINTIFF BAREBOTTLE BREWING COMPANY, INC., COMPLAINT FOR DAMAGES